**Electronically Filed
Intermediate Court of Appeals
30065
30-APR-2013
08:31 AM**

NO. 30065


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILLARD M. IMAMOTO, Plaintiff-Appellant, v.
KAHI MOHALA HOSPITAL, NAOMI MORGAN, DUDLEY AKAMA,
THE DEPARTMENT OF THE ATTORNEY GENERAL, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-2068)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Willard Max Imamoto (Imamoto) brings this appeal, *pro se,* from the September 11, 2009 Judgment entered by the Circuit Court of the First Circuit (Circuit Court),[1] dismissing with prejudice Imamoto's claims against Defendant-Appellees Kahi Mohala Hospital (Kahi Mohala), Naomi Morgan (Morgan), the Department of the Attorney General (AG) and Dudley Akama (Akama) (collectively, Defendants).

Imamoto's arguments on appeal appear to be[2] that the Circuit Court erred in (1) denying his motion for summary

---

[1]    The Honorable Derrick H.M. Chan presided.

[2]    Imamoto's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) in a number of respects, most notably in that he does not provide record citations for his statements of fact, does not properly formulate his points on appeal, and attaches Exhibit B that does not appear in the record on appeal. HRAP Rule 28(b). However, "the policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994). Therefore, although we disregard Exhibit B, we address Imamoto's points insofar as we are able to ascertain them.

judgment as to Kahi Mohala, Morgan and Akama; (2) granting the motion for summary judgment by Akama and (3) granting Kahi Mohala and Morgan's substantive joinder in Akama's motion for summary judgment. In particular, Imamoto alleges that the Circuit Court erroneously found his claims for "conversion, violation of 4th amendment rights, and violation of 1st amendment rights" inapplicable. We resolve his arguments as follows.

1. The Circuit Court did not err in denying Imamoto's Motion for Summary Judgment. "[T]he moving party bears the ultimate burden of persuasion" and "[t]his burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law. GECC Fin. Corp. v. Jaffarian, 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App. 1995). Furthermore, "[t]he moving party's burden of proof is a stringent one, since the inferences to be drawn from the underlying facts alleged in the relevant materials considered by the court in deciding the motion must be viewed in the light most favorable to the non-moving party." Id., citing Fernandes v. Tenbruggencate, 65 Haw. 226, 228, 649 P.2d 1144, 1147 (1982). Review of the trial court's decision on a motion for summary judgment is conducted de novo. Bremer v. Weeks, 104 Hawai'i 43, 51, 85 P.3d 150, 158 (2004)

Here, Imamoto's burden required him to convince the Circuit Court that with regard to his claims against Kahi Mohala, Morgan, and Akama, "there is no genuine issue as to any material fact." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 254-55, 172 P.3d 983, 998-99 (2007). This he did not do, because he did not support his assertions of material fact with admissible evidence. See Blair v. Ing, 95 Hawai'i 247, 270 n.19, 21 P.3d 452, 475 n.19 (2001) (inadmissible evidence does not create a genuine issue of material fact). Imamoto stated in his memorandum in support of his motion for summary judgment that he intended to depose witnesses to prove his case, but he does not

2

appear to have submitted those depositions nor does he explain how the documents he did submit prove the facts he averred. As a result, Imamoto fails to demonstrate that he established "no genuine issue of material fact exists" in support of his claims. Thus, his motion for summary judgment was properly denied.

2. The Circuit Court did not err in granting Akama's Motion for Summary Judgment. Akama's motion alleged a number of facts, all supported with reference to documents--Imamoto's own, Morgan and Akama's depositions and certified copies of court records, provided to the Circuit Court, in support of his defense against Imamoto's claims. Imamoto's basic claim turned on whether Defendants wrongfully interfered with a package sent from the United States District Court (USDC) (the package). In his Second Amended Complaint, Imamoto claimed "a first amendment violation, denial of access to the courts, and a fourth amendment violation" arising out of Defendants' receipt, handling, and retention of this package.

It was undisputed that, while he was residing at Kahi Mohala, Imamoto entrusted the contents of the package to a friend for the purpose of filing those documents with the USDC. Upon rejecting the documents for filing, the USDC mailed the package to Kahi Mohala. Disputed was whether the package was addressed to Morgan, an employee of Kahi Mohala, as averred by her in her deposition, or whether it was addressed to Imamoto, as he claimed. However, it is also undisputed that Imamoto was no longer residing at Kahi Mohala when the package arrived, and he presented no admissible evidence to refute Morgan's testimony that the package was addressed to her nor Akama's testimony that when he took the package from Morgan, it was addressed to Morgan.

Imamoto's claim against Kahi Mohala, for the actions of its employee Morgan, and Morgan depend, for he alleged no other scenario, on her allegedly improper opening of the package because it was addressed to Imamoto. Imamoto presented no admissible evidence that showed the package was addressed to him and presented no authority to the Circuit Court, nor to this

court, supporting the notion that Morgan's action of opening and examining the contents of the package *addressed to Morgan* was actionable. Therefore, the failure to place the addressee of the package in dispute was fatal to Imamoto's claims for violation of his rights to privacy and to be free from unreasonable searches.[3] See generally State v. Wallace, 80 Hawai'i 382, 393-94, 910 P.2d 695, 707 (1996) (where government intrusion does not invade legitimate expectation of privacy, there is no search under the Fourth Amendment).

Imamoto also claimed that the package was improperly retained by Morgan, as she did not immediately forward the package to him upon realizing the documents inside were his, and by Akama, who retained the package after Morgan turned it over to him. However, Imamoto provides no authority for the proposition that he retained a property interest in his documents after the federal court rejected them for filing, and we find none. Nor does Imamoto argue why--assuming Morgan and Akama were government agents--the documents could not be retained as evidence of criminal activity pursuant to the "plain view" doctrine. Wallace, 80 Hawai'i 396-97, 910 P.2d 695, 709-10.

Morgan, a non-lawyer, testified that, as she saw other Kahi Mohala patients names and personal information in the documents in the package, she was concerned about those patients' confidentiality rights and a possible violation of state law protecting patient confidentiality and called Akama, a deputy attorney general, to "support" her on this. Akama testified that he turned the package over to the Criminal Justice Division of the State Attorney General's department because he believed the

---

[3] We also note that the parties do not dispute that the package's contents were given to a third party by Imamoto for the purpose of filing the same with the USDC. Thus, to the extent Imamoto had already disclosed the contents to a third party and intended to file the document with the federal court, he could not retain a reasonable expectation of privacy in those documents. See, e.g., State v. Kolia, 116 Hawai'i 29, 34-35, 169 P.3d 981, 986-87 (App. 2007) ("When an individual voluntarily abandons evidence, that individual loses any legitimate expectation of privacy in the property and thereby disclaims any concern about whether the property or its contents remain private.")

documents contained solicitations by Imamoto to provide legal services to others, i.e., that the documents constituted evidence of the practice of law without a license, and identified examples of those documents.  Imamoto presented no evidence contradicting this testimony.

Imamoto presents no argument regarding his claim for conversion, the alleged violation of his right to access to the courts, nor his point on appeal that Kahi Mohala and Morgan's motion for joinder in Akama's motion for summary judgment should have been denied, and they are thus deemed abandoned.  Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478, 164 P.3d 696, 736 (2007) ("an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments.").

For the foregoing reasons, the September 11, 2009 Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2013.

On the briefs:

Willard M. Imamoto,
Plaintiff-Appellant, pro se.

Edmund Burke and
John Reyes-Burke,
(Burke McPheeters Bordner &
Estes)
for Defendants-Appellees
Sutter Health Pacific doing
business as Kahi Mohala
Hospital & Naomi Morgan

Heidi M. Rian and
John F. Molay,
Deputy Attorneys General
for Defendant-Appellee Dudley
Akama.

Chief Judge

Associate Judge

Associate Judge